**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA,**

**vs.** **Case No. 8:97-cr-313-T-27AAS**

**SAMUEL C. HILL**

______________________________/

# ORDER

**BEFORE THE COURT** are Defendant's Petition for Writ of Coram Nobis (Dkt.234), and the Government's Response (Dkt. 239). Upon consideration, the Petition is DENIED.

## Procedural History

Defendant was charged in a Superseding Indictment with maintaining a place for the purpose of manufacturing and distributing marijuana (Count One), possession with intent to distribute marijuana (Count Two), felon in possession of a firearm (Count Three) and possession of equipment, product, and material used to manufacture marijuana (Count Four) (Dkt. 16). After a jury trial, he was convicted on all counts. On May 27, 1998, he was sentenced as a career offender to 240 months on Counts One and Two, 120 months on Count Three, and 48 months on Count Four, concurrent, and to terms of supervised release on each count, concurrent, totaling 4 years (Dkt. 103).[1] His convictions and sentences were affirmed (Dkt, 148).[2] *Hill v. United States*, 193 F.3d 522 (11th Cir.),

[1] In Case No. 8:97-cr-474, he was sentenced to a consecutive 22 months for failing to appear.

[2] The Eleventh Circuit expressly rejected Defendant's contention that his prior state court conviction for carrying a concealed weapon was not a violent felony for purposes of classifying him as a career offender under USSG § 4B1.1, relying on *United States v. Gilbert*, 138 F.3d 1371 (11th Cir. 1998).

*cert. denied*, 120 S.Ct. 1206 (2000).

Defendant sought collateral relief under 28 U.S.C. § 2255 (Dkt 160; Case No. 8:00-cv-02416-HLA, Dkt. 1). His § 2255 motion was denied (Dkt. 182); (Case No. 8:00-cv-02416-HLA, Dkt. 4). He voluntarily dismissed his appeal from that denial (Dkt. 192). His subsequent Motion for Relief From Judgment Pursuant to Fed. R. Civ. P. 60(b) (Dkt. 193) was denied as a second or successive § 2255 motion (Dkt. 195), and his appeal from that denial was dismissed (Dkt. 204).

Defendant then filed a "Civil Rule 60(b)(5-6) Motion for Relief of March 20, 2003 Judgment Denying 2255 Motion" (Dkt. 206), which was likewise dismissed as a second or successive § 2255 motion (Dkt. 216). He then filed a "Motion Requesting Judicial Recommendation That Appellate Court Recall the Mandate" (Dkt. 217), which was denied (Dkt. 224). His application to file a second or successive motion under § 2255 based on *Johnson v. United States,* 135 S.Ct. 2551 (2015) was denied by the Eleventh Circuit (Case No. 8:00-cv-02416-HLA, Dkt. 9).

Defendant then attempted to file a second appeal from his original judgment (Dkt. 230). His Motion to Proceed In Forma Pauperis was denied, as his attempt to file a second appeal was frivolous (Dkt. 233). The Eleventh Circuit dismissed his appeal as duplicative of his first appeal (Dkt. 237). The instant Petition for Writ of Coram Nobis followed (Dkt. 234).

**Discussion**

Defendant's underlying contention is that he was erroneously sentenced as a career offender based on his 1987 conviction for carrying a concealed weapon, since a concealed weapon conviction is no longer a crime of violence for career offender purposes. *United States v. Archer*, 531 F.3d 1347 (11th Cir. 2008) (crime of carrying a concealed weapon may no longer be considered a crime of violence under the guidelines); *see also United States v. Canty*, 570 F.3d 1251, 1255 (11th Cir. 2009)

(We agree with the parties that carrying a concealed weapon is not a violent felony that may be used as a predicate conviction to enhance a defendant's sentence under the ACCA). Defendant also argues that his 1983 Florida conviction for cultivating marijuana "was not scorable under U.S.S.G. § 4A" and therefore "did not qualify as a career-offender predicate." Finally, he argues that he was sentenced under the (then) mandatory sentencing guidelines which were declared unconstitutional in 2005, and "[i]n all probability, [his] punishment would have been less than four years instead of twenty." He contends that a non-career offender guidelines range would have been 37-46 months.[3]

In support of his contention that coram nobis relief is available, Defendant urges that although his federal sentence was completed on December 6, 2016, that conviction "continues to have a substantial effect on [his] liberty and life." He explains that while he was in federal custody, he was convicted in state court of attempted murder, a crime which was committed before his federal arrest, and was sentenced to 16.65 years.[4] He returned to federal custody to complete his federal sentence, and when his federal sentence ended in December 2016, he returned to state custody, where he remains. He contends:

> "If this court had imposed the correct federal sentence, then [his] state sentence would have commenced immediately (his federal sentence should have been completed). Thus, [his] state sentence would have ended in March 2016, rather than sometime in 2029.

---

[3] This is not a situation like *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253 (11th Cir. 2013), in which the challenged prior conviction triggered an enhanced statutory penalty under 18 U.S.C. § 924(a) which exceeded the statutory maximum penalty the defendant would otherwise have been exposed to. The maximum statutory penalty for each count on which Defendant was convicted was: Count One: 20 years; Count Two: 5-40 years; Count Three: 10 years; and Count Four: 4 years. Based on a total offense level 34 and criminal history category VI, Defendant's guidelines range was 262-327 months (Dkt. 228, p. 20; Dkt. 101, p. 3). His career offender sentence did not exceed the statutory maximum penalties.

[4] After his § 2255 motion to vacate was denied, he was convicted in Hernando County, Florida of attempted first degree murder with a firearm, armed burglary of a dwelling, possession of a firearm while engaged in a criminal offense and possession of a firearm by a convicted felon (Dkt. 234-6).

Dkt. 234, p. 6).

In response, the United States contends that coram nobis relief is unavailable because (1) Defendant remains in "custody," since he must still complete his term of supervised release, (2) his contention that his prior convictions were too old was available to him and he shows no reason for not having raised it previously, and (3) Circuit precedent forecloses his contention that his carrying a concealed firearm conviction is not a violent felony for career offender purposes.

**Writ of Coram Nobis**

"Federal courts have authority to issue a writ of error coram nobis under the All Writs Act, now codified as 28 U.S.C. § 1651(a)." *United States v. Swindall*, 107 F.3d 831, 834 (11th Cir. 1997). The writ is an extraordinary remedy of last resort, however, "available only in compelling circumstances where necessary to achieve justice." *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000). Fundamental error must be shown, such that the underlying criminal proceedings are deemed "irregular and invalid." *United States v. Morgan*, 346 U.S. 502, 509 n.5 (1954) (quoting *United States v. Mayer*, 235 U.S. 55, 69 (1914)). Moreover, the writ of coram nobis is only available to one who has completed his sentence and is no longer "in custody," and § 2255 remains the exclusive remedy for one in custody wishing to challenge a federal conviction. *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002).

As noted by the Supreme Court, "it is difficult to conceive of a situation in a federal criminal case today where that remedy would be necessary or appropriate." *Carlisle v. United States*, 517U.S.416, 429 (quoting *United States v. Smith*, 331 U.S. 469, 476 n.4 (1947)). The Court further noted: "Continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this extraordinary remedy only under circumstances compelling

such action to achieve justice." *Morgan*, 346 U.S. at 511

Having exhausted his appellate and post conviction remedies under § 2255, Defendant urges that the writ should issue to "remedy manifest injustice." Acknowledging that "every federal court has been powerless to correct the erroneous sentence," he suggests that this court has a "rare opportunity to meaningfully correct a previously irremediable judicial error." Notwithstanding, he "attempts to do what the Supreme Court in *Morgan* instructed should be allowed in only the most compelling circumstances. [He] seeks to continue litigating the legality of his conviction after his conviction has become final and he has exhausted his statutory right of review under 28 U.S.C. § 2255." *United States v. Swindall*, 107 F.3d 831, 834 (11th Cir. 1997). As will be discussed, Defendant fails to demonstrate entitlement to the extraordinary writ of coram nobis.

**Coram Nobis Relief Unavailable**

Although Defendant has completed the imprisonment part of his federal sentence, he must still complete supervised release after he is released from state custody. Coram nobis relief is therefore unavailable because he remains "in custody." *United States v. Brown*, 117 F.3d 471, 475 (11th Cir. 1997) (individual serving term of supervised release is "in custody" for purposes of § 2255 relief, and therefore coram nobis relief unavailable); *see also Dawson v. Scott*, 50 F.3d 884, 886 n. 2 (11th Cir.1995) (habeas appeal does not become moot merely because prisoner is released from confinement to serve a term of supervised release, since supervised release is part of the sentence and carries liberty restrictions with it).

**Petition construed as § 2255 motion**

Since coram nobis relief is unavailable, Defendant's Petition is construed as a motion under § 2255. *Brown*, 117 F.3d at 474. However, since his earlier motion to vacate under § 2255 was

denied, his construed § 2255 motion constitutes a second or successive one, and he must therefore apply to the Eleventh Circuit for permission to proceed. 28 U.S.C. § 2255(h); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).[5]

That a second or successive § 2255 motion may be barred does not entitle him to seek coram nobis relief. "To hold otherwise would circumvent the AEDPA's overall purpose of expediting the presentation of claims in federal court and enable prisoners to bypass the limitations and successive petitions provisions." *Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir.), *cert. denied*, 540 U.S. 925 (2003); *see also Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (use of Rule 60(b) would impermissibly circumvent requirement that a successive habeas petition be precertified by the court

---

[5] Even if the petition was construed as a § 2241 motion under the "savings clause of § 2255(e), it would be barred by the second or successive motions bar under § 2255(h), because "[t]he existence of the statutory bar on second and successive motions cannot mean that § 2255 is 'inadequate or ineffective' to test the legality of [his] detention within the meaning of the savings clause." *Gilbert v. United States*, 640 F.3d 1293, 1308 (11th Cir. 2011). More specifically, "the savings clause of § 2255(e) does not permit a prisoner to bring in a § 2241 petition a guidelines miscalculation claim that is barred from being presented in a § 2255 motion by the second or successive motions bar of § 2255(h)." *Id.* at 1312.

Particularly instructive, albeit by analogy, is this comment explaining why use of the writ of habeas corpus under § 2241 cannot be used to circumvent the bar against successive § 2255 motions:

> Wofford was not convicted of any crime which a retroactively applicable Supreme Court decision overturning prior circuit precedent has made clear is nonexistent. All of his claims are sentencing claims, none of which rest upon a circuit law-busting, retroactively applicable Supreme Court decision. Wofford had a procedural opportunity to raise each of his claims and have it decided either at trial or on appeal. For these reasons, Wofford's effort does not fit with the savings clause of § 2255. He is attempting to use § 2241 simply to escape the restrictions on second or successive § 2255 motions.

*Wofford v. Scott*, 177 F.3d 1236, 1245 (11th Cir. 1999).

Finally, the holding in *Bryant, supra*, does not help Defendant. Even if his Petition is construed as a § 2241 motion, he cannot show that as a result of the retroactive application of *Begay* and *Archer*, his federal sentences exceeded the statutory maximum he would otherwise have been exposed to. In *Bryant*, this Circuit held: "We now hold that the new rule announced in *Begay* applies retroactively for purposes of a *first* § 2255 motion and the § 2241 petition Bryant seeks to bring under § 2255(e)." *Bryant*, 738 F.3d at 1277. (emphasis added). But the Court went on to distinguish between "Supreme Court *jurisprudence* about retroactivity,"and the "stricter, *statutory* retroactivity requirements of 28 U.S.C. § 2255(h), which govern *second* or *successive* § 2255 motions." *Id.* at 1278 (emphasis in original). Defendant cannot meet those stricter statutory requirements because, as noted, his sentences did not exceed the applicable statutory maximums if he was not sentenced as a career offender.

of appeals as falling within an exception to the successive-petition bar).

**No compelling circumstances**

Even if the Petition for Writ of Coram Nobis is considered on the merits, Defendant fares no better. He presents no compelling circumstances justifying issuance of the writ to achieve justice

First, Defendant contends that his sentence would have been lower without the guidelines career offender enhancement since he was sentenced under the (then) mandatory sentencing guidelines. That is not, however, a compelling circumstance supporting coram nobis relief. The same argument was made by the defendant in *Gilbert v. United States*, 640 F.3d 1293, 1302-03 (11th Cir. 2011). Like Gilbert's, Defendant's contention is largely assumptive, since although his guidelines range would have been lower, there is no certainty that he would have received a lower sentence. *Id.* at 1304. His statutory maximums remained the same.

Rather than engage in speculation, I find under the circumstances that coram nobis relief is not warranted. Defendant's contention that he would receive a lower sentence today than what he received in 1998 does not present a compelling reason to grant relief. He has not made a persuasive showing that granting coram nobis relief would achieve justice at this point in time. And the interest in finality weighs strongly against granting relief. As the court in *Gilbert* observed, which I find to be analogous:

> To put our reasoning and the result in the broader terms with which we began this opinion, a federal prisoner's right to have errors in the calculation of his sentence corrected is not without limits. After a case has passed the stage of a first § 2255 proceeding, the right to error correction is narrowly limited by principles of policy that reside in the finality of judgment neighborhood of the law—principles which further critically important interests. The restrictions that those finality of judgment principles place on error correction have been reinforced and strengthened by AEDPA provisions such as § 2255(e) & (h), and they have been embodied in decisions of the Supreme Court and this Court. The result in this case is that Gilbert

must serve the sentence that was imposed on him fourteen years ago.

*Gilbert*, 640 F.3d at 1324.

As for Defendant's contention that his prior conviction for cultivating marijuana was too old to score, that contention was available to him during sentencing, on appeal, and when he sought relief under § 2255. Coram nobis relief is available only when there is and *was* no other available avenue of relief. *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000).

Moreover, the Government correctly contends that Defendant's claim that it was error to use his 1983 Florida conviction for carrying a concealed weapon as a predicate conviction for his career offender designation based on *Archer* and *Begay*,[6] is barred by Circuit precedent. Specifically, the Government argues that the Eleventh Circuit, in denying Defendant's application to file a second or successive § 2255 motion, expressly held that *Archer* did not apply retroactively to cases on collateral review, and *Begay* did not express a new rule of constitutional law, citing the Circuit's order in *United States v. Hill*, No. 09-10769, at p. 2 (11th Cir. March 9, 2009).

Circuit precedent recognizes that while *Begay* applies retroactively to a *first* post-conviction motion, it does not apply retroactively to second or successive § 2255 motions, since *Begay* did not announce a "new rule of constitutional law" under § 2255(h) made retroactive by the Supreme Court. *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d at 1278. And, as noted, a prisoner "cannot collaterally attack his sentence based on a misapplication of the advisory guidelines" where the sentence falls below the statutory maximum." *Spencer v. United States*, 773 F.3d 1132, 1135 (11th Cir. 2014). In that instance, as here, the sentence "was and remains lawful." Accordingly, Defendant may not circumvent the AEDPA's second or successive motion bar by way of coram nobis.

---

[6] *Begay v. United States*, 553 U.S. 137 (2008).

Finally, the Government argues that *United States v. Swindall, supra*, bars coram nobis relief In *Swindall*, the court held: "if *Teague* bars a petitioner's claim relying on a case decided after his conviction and sentence became final, then he has not suffered such compelling injustice that would deserve relief pursuant to a writ of error coram nobis." 107 F.3d at 834.[7] In determining whether a claim is barred by *Teague*, a three step inquiry is made:

1. Whether the *Teague* rule is applicable, i.e., whether petitioner's conviction became final before the case upon which he relies was announced.
2. Whether the case upon which the petitioner relies announced a "new rule."
3. Whether either of two exceptions to the non-retroactivity of a new rule is applicable.

*Swindall*, 107 F.3d at 834–35.

Defendant's convictions were final before *Archer* and *Begay* were decided. And *Archer* announced a new rule, that carrying a concealed weapon no longer constituted a violent felony for career offender purposes. Likewise, *Begay* announced a new rule, setting forth "a new standard to evaluate which crimes constitute 'violent felonies' and 'crimes of violence.'" *Bryant*, 738 F.3d at 1266, quoting *Archer*, 531 F.3d at 1352. But as noted, neither *Archer* or *Begay* apply retroactively to Defendant.

*Teague* bars Defendant's claim, since neither of its two exceptions to non-retroactivity apply. The first exception, that the new rule should be applied retroactively if it places "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe," is not relevant here. *Teague*, 489 U.S. at 311. And the second exception, that the new rule should be applied retroactively if it requires the observance of "those procedures that ... are 'implicit in the concept of ordered liberty,'" is inapplicable, since *Archer* and *Begay* did not

---

[7] *Teague v. Lane*, 489 U.S. 288 (1989).

announce "watershed rules of criminal procedure." *Id.* at 311.[8]

**Conclusion**

For the reasons discussed, Defendant's Petition for Writ of Coram Nobis (Dkt.234) is DENIED.[9]

**DONE AND ORDERED** this 1st day of February, 2017.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record

---

[8] "In order for a rule to fall within the second exception, it 'must not only improve accuracy [of trial], but also alter our understanding of the bedrock procedural elements essential to the fairness of a proceeding.'" *Swindall,* 107 F.3d at 835, *quoting Sawyer v. Smith*, 497 U.S. 227, 242 (1990). *Teague* explains that the scope of the second exception is limited "to those new procedures without which the likelihood of an accurate conviction is seriously diminished." *Id.* at 313.

[9] A certificate of appealability is unnecessary for an appeal from the denial of a petition for coram nobis relief. *United States v. Perkins*, 424 Fed. Appx. 328 (5th Cir. Tex. 2011). Similarly, an appeal from the dismissal of a habeas motion as successive does not require a certificate of appealability. *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004); *See also Bolin v. Sec'y, Fla. Dep't of Corr.*, 628 Fed. Appx. 728, 730 (11th Cir. Fla. 2016)